977 F.2d 575
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Denise Yvonne WOOD, Defendant-Appellant.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Theodore WASHINGTON, Defendant-Appellant.
 Nos. 91-5186, 92-5010.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: August 11, 1992
Decided: October 21, 1992
 
 Appeals from the United States District Court for the District of Maryland, at Baltimore.
 William B. Purpura, Baltimore, Maryland, for Appellant Washington; Edward Smith, Jr., Cummings, Smith & Dashiell, Baltimore, Maryland, for Appellant Wood.
 Richard D. Bennett, United States Attorney, Jefferson M. Gray, Assistant United States Attorney, Ira L. Oring, Assistant United States Attorney, Baltimore, Maryland, for Appellee.
 D.Md.
 AFFIRMED.
 Before ERVIN, Chief Judge, PHILLIPS, Circuit Judge, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Theodore Washington and Denise Yvonne Wood appeal from their jury convictions of conspiracy in violation of 18 U.S.C. § 371 (1988) and multiple counts of bank fraud in violation of 18 U.S.C.A. § 1344 (West Supp. 1992). We find that Washington has not demonstrated that he suffered any prejudice due to pre-indictment delay or that the delay was unreasonable; that the court did not abuse its discretion when it denied Appellants' motion for a mistrial when a witness testified about the violent behavior of another government witness after the defense had cross-examined that witness; that the court did not abuse its discretion when it prohibited the defense from questioning a witness concerning her prior consistent grand jury testimony; and that the court did not abuse its discretion in admitting evidence of losses suffered by banks because of Appellants' activities. We therefore affirm their convictions.
 
 
 2
 Washington was the founder and president of Advanced Leasing, Inc. (ALI), a car leasing business that operated in the Maryland suburbs of Washington, D.C., from July 1986 through November 1987. ALI was never a licensed business. For a fee, Washington's codefendant, Wood, posed as a purchaser of automobiles for Washington and supplied false credit applications to purchase in her own name several expensive cars which Washington then leased without the knowledge of the financing banks. Washington would charge ALI customers an initial payment of thirty to forty percent of the vehicle sales price and a monthly leasing fee thereafter which was higher than the amount of the car note.
 
 
 3
 Appellant Washington alleges that a forty-two month delay between the end of the conspiracy in November 1987 and his indictment in May 1991 violated his right to due process under the Fifth Amendment. The Due Process Clause protects against pre-accusation delays, United States v. Lovasco, 431 U.S. 783, 789-90 (1977), but a determination of whether such a delay has denied due process necessitates a case-by-case inquiry. Howell v. Barker, 904 F.2d 889, 895 (4th Cir.), cert. denied, 59 U.S.L.W. 3420 (U.S. 1990). The Court must determine whether the delay violates " 'fundamental conceptions of justice which lie at the base of our civil and political institutions' ... and which define 'the community's sense of fair play and decency.' " Lovasco, 431 U.S. at 790 (citations omitted). This Court must first assess whether the defendant has suffered actual prejudice, and the burden of proving such prejudice is on the defendant. United States v. Automated Medical Lab., Inc., 770 F.2d 399, 403 (4th Cir. 1985). Actual prejudice resulting from the unavailability of a material witness at trial may be established if the defendant can identify a "lost" witness, demonstrate the content of the witness's expected testimony, and show that efforts were made to locate the witness. Howell, 904 F.2d at 893.
 
 
 4
 If the defendant establishes prejudice, the court must then balance the prejudice with the government's reasons for the delay. Id. at 895. The defendant need not establish improper prosecutorial motive in addition to showing actual prejudice. Id.
 
 
 5
 During a hearing on Washington's motion on the pre-indictment delay, Washington alleged that he was prejudiced because he could not obtain Dr. April Pitman, a woman with whom he lived during the time of the conspiracy, as a witness. He alleged that Pitman would testify that Washington managed real estate holdings on her behalf during the time period that the government alleged he was engaged in the car leasing business. Washington stated that after he and Pitman "broke up," she married and moved to Atlanta, Georgia. He continued that he attempted to contact Pitman through her mother without success. Pitman's mother told him that because of the"somewhat rocky ending to their relationship," she would not give Washington the information to contact Pitman, but she did relay information to her daughter which would enable her to contact Washington if she desired. Neither Washington nor his attorney heard from her.
 
 
 6
 The government countered that since Pitman was listed as a reference on some of the fraudulent loan applications, she may have been a co-conspirator herself; the government also noted that Washington married another woman during the time period he alleged that he lived with Pitman.
 
 
 7
 When a defendant asserts prejudice because of the loss of evidence, he must show that the loss impaired his ability to provide a meaningful defense. United States v. Solomon, 686 F.2d 863, 872 (11th Cir. 1982). Washington has not made this showing. As the government noted, Washington submitted no other evidence supporting his claim that he was engaged in property management. In fact, he did not list such employment on job and apartment applications which he completed during the time period. Even if Washington had obtained Pitman as a witness, she might not have waived her own Fifth Amendment privilege against self-incrimination. In addition, even if she had testified that Washington managed real estate for her, that alone would not have exculpated him from participation in the conspiracy and bank fraud.
 
 
 8
 Both Appellants assert that the court erred when it denied their motions for a mistrial made after the testimony of Rodney Drummond, an ALI customer. Drummond testified that ALI repossessed his car even though he had regularly made his lease payments to Washington, and he later observed Bob Witt (an ALI employee) driving the car. When Drummond demanded that the car be returned, Witt threatened him with a gun. Appellants moved for a mistrial because they were not provided with FBI reports concerning Drummond's interview about the incident prior to trial. Since Witt testified several days before Drummond, Appellants claimed they were unable to cross examine him about the Drummond encounter. The district court denied the motions and noted that the FBI report was not subject to discovery under the Jencks Act (18 U.S.C.s 3500 (1988)) and that Witt had admitted to other bad acts during his testimony on which he could have been cross-examined.
 
 
 9
 Witt admitted at trial that he participated in the car leasing conspiracy and bank fraud and that he solicited drug dealers as clients for the car leasing business. He also acknowledged that he used cocaine and that he did not pay taxes on any of his illegal earnings. The jury was also informed that Witt testified as a government witness pursuant to a plea agreement. In addition, an FBI agent testified before the grand jury about Drummond's encounter with Witt, and this testimony was contained in the grand jury transcript which was available to Appellants prior to trial. Because Appellants were informed about the Drummond incident before trial and there was ample evidence of Witt's bad character in his own testimony, the district court did not abuse its discretion in denying the motions for a mistrial.
 
 
 10
 Washington alleges that the district court erred when it would not permit him to use a transcript of grand jury testimony to show that witness Anne Knowles testified in the same words at trial as she did before the grand jury. Washington asserts that the grand jury transcript would have shown the witness's "extensive pretrial preparation." Knowles testified about her actions as a purchaser of vehicles for ALI. Defense counsel questioned her about the number of times she met with the prosecutor and her review of the grand jury transcript. Counsel then sought to use the transcript to show that because Knowles was asked similar questions and gave similar answers at the grand jury hearing, she had been prepared for her testimony by the government and was not testifying from memory. The court refused to permit counsel to use the transcript in such a way. The court commented that the defense could use the grand jury transcript to impeach Knowles or to refresh her recollection. The court also indicated that counsel could ask Knowles other questions to explore her preparation by the government.
 
 
 11
 A trial court may impose reasonable limits on cross-examination to preclude repetitive and unduly harassing interrogation. See Davis v. Alaska, 415 U.S. 308, 316 (1974); United States v. Atkinson, 512 F.2d 1235 (4th Cir. 1975). Such a decision is within the trial court's discretion. United States v. Crockett, 813 F.2d 1310, 1312 (4th Cir.), cert. denied, 484 U.S. 834 (1987). In addition, prior consistent grand jury testimony is inadmissible hearsay evidence. Fed. R. Evid. 801. Therefore, the court did not abuse its discretion in prohibiting the defense from using the transcript of the grand jury hearing.
 
 
 12
 Appellants allege that the trial court erred when it permitted the prosecution to present irrelevant and unduly prejudical evidence concerning losses suffered by financing banks as a result of Appellants' activities. Ellen Wilson, one of the participants in the car leasing scheme testified that the financing bank repossessed many of the cars because ALI failed to make the monthly payments. Although the vehicles were sold at auction, the lender usually did not recover the full outstanding balance of the loan.
 
 
 13
 Relevant evidence is evidence "having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Appraisal of the probative and prejudicial value of evidence is entrusted to the sound discretion of the district court and its appraisal, absent extraordinary circumstances, will not be disturbed. United States v. Simpson, 910 F.2d 154 (4th Cir. 1990). To establish the existence of a scheme to defraud, the government must present proof that the defendants possessed a fraudulent intent, but the government is not required to show that the victim was actually defrauded. United States v. Wallach, 935 F.2d 445, 461 (2d Cir. 1991). Wilson's testimony tended to establish that Appellants did not intend to make the monthly payments on the car loans. Therefore, since the evidence was probative in establishing intent to defraud, the district court did not abuse its discretion in admitting the evidence.
 
 
 14
 We therefore affirm Appellants' convictions. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED